856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Nam Yong KIM, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-3805.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1988.
Decided Aug. 18, 1988.
 
 John R. Bolton, Assistant Attorney General, Civil Division, Allen W. Hausman, Assistant Director, Steven L. Barrios, Office of Immigration Litigation, Civil Division, United States Department of Justice on brief for respondent.
 Before WIDENER and WILKINS, Circuit Judges, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Nam Yong Kim petitions for review of an order of an immigration judge (IJ) denying his applications for asylum and withholding of deportation, and ordering him deported if he does not voluntarily leave this country. We dismiss the petition for lack of jurisdiction.
 
 
 2
 Kim is a native of South Korea. The record establishes that he entered the United States on October 21, 1980 as a non-immigrant visitor on business, with authority to remain until January 21, 1981. On January 12, 1981 he changed his non-immigrant status to that of a treaty trader and was authorized to remain in the United States until January 20, 1982. At the conclusion of that period Kim remained in the United States without further authorization.
 
 
 3
 On September 15, 1982 an order to show cause was issued by the Immigration and Naturalization Service charging Kim with deportability. In November 1982 Kim appeared before an IJ and through counsel conceded deportability, but then applied for asylum under 8 U.S.C.A. Sec. 1158(a) (West Supp.1988) and withholding of deportation under 8 U.S.C.A. Sec. 1253(h) (West 1970 & Supp.1988). In the alternative he applied for voluntary departure under 8 U.S.C.A. Sec. 1252(g) (West 1970).
 
 
 4
 Kim's testimony established that he served as an officer in the Korean army until his honorable discharge in 1963. In 1964 he graduated from a Korean university and then began working at various jobs, and was employed continuously until he was allowed to leave the country in 1980 to come to the United States on business. The following year he was allowed to bring his family here. Once in the United States Kim worked for the Sum Gen Trading Company until May 1982 when he left that company to start his own business, an ice cream parlor.
 
 
 5
 Kim claimed in his testimony that in 1979 he had been arrested and tortured in Korea because of outspokenness against the government. Also, although in his asylum application Kim did not claim that he was a member of any organization that would cause him to be targeted for persecution, he testified that he is a member of a dissident group which opposes the Korean government and that he has been hounded by a Korean intelligence agency while in the United States. These were the essential claims in support of his applications.
 
 
 6
 The IJ was not persuaded by Kim's testimony and denied his applications. Although Kim appealed to the Board of Immigration Appeals (Board), he failed to file a brief in support of the appeal. The Board summarily dismissed the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i) (1988).
 
 
 7
 Kim now argues that the IJ applied the incorrect legal standard in considering his petition for asylum. However, in his notice of appeal to the Board, Kim only asserted that the IJ's decision was against the weight of the evidence, and that Kim has "a well-founded fear of being persecuted if he returns to South Korea." Failure to raise the issue of the appropriate legal standard before the Board constitutes a failure by Kim to exhaust remedies with respect to that issue, and deprives us of jurisdiction to now hear the question. Varqas v. U.S. Dept. of Immigration, 831 F.2d 906 (9th Cir.1987).
 
 
 8
 DISMISSED.